County of El Dorado *v*. Reed.

COUNTY OF EL DORADO *v*. REED, County Treasurer, AND HIS SURETIES.

The Board of Supervisors of a County cannot settle with the County Treasurer at a special meeting of such Board, unless they have first given public notice of such meeting, and specified in such notice that such business will be transacted.

In order to give the amplest opportunity to the District Attorney, or citizens who desire to do so, to contest the allowance of improper demands against the Public Treasury, the business of the Supervisors is required to be transacted at the regular meetings required by law; or if at special meetings, public notice must be given of the business to be so transacted; and unless such notice be given, the acts of the Supervisors are a nullity.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

The facts sufficiently appear in the opinion of the Court.

*Sanderson & Newell* for Appellants.

We insist that the Court erred in this case, by reviewing the action of the Board of Supervisors.

1st. Because the law clothed them with power to settle with the Treasurer, audit his accounts, and make him his proper allowances. That the exercise of that power was a judicial act, and an error committed by them in its exercise could not be enquired into collaterally. Wood's Digest, p. 694, sec. 9.

2d. The only case in which the acts of Supervisors could be questioned collaterally, is where the record discloses that they acted without jurisdiction. In this case their record discloses no such fact, because they are authorized to audit and ascertain the state of accounts between the Treasurer and the County, and in this instance were in the exercise of that power, and part of their allowances are admitted to be legal charges.

3d. The action of the Board is in the nature of a judgment, and like a judgment, when questioned collaterally, must be respected as a whole, or disregarded entirely (being a nullity). In this case their action cannot be treated as a nullity, nor did the Court so treat it, for he credits Reed with all the allowances but one. People *v*. Sup. of El Dorado Co., 8 Cal. 58.

4th. The Court erred in thus reviewing collaterally these allowances, allowing some and disregarding others of them; he should have admitted the settlement as a whole, or disregarded it entirely.

5th. An erroneous action of the Board, where they have jurisdiction, cannot be reviewed collaterally, but the error must be corrected by a writ of *certiorari*: until so corrected it is conclusive.   2 Sanford, 472; 8 Cal. 58.

6th. In making the final settlement of the Treasurer, the Auditor is clothed with no judicial functions, but must be governed by the allowances of the Board; to give him additional power would be to make him an appellate judicial tribunal to review their proceedings at discretion.

*Brumfield and Attorney General* for Respondent.

Cited Wood's Digest, 693, sec. 5, also pp. 694, 714, 65; 5 Gilman's Rep. 232; 3 Scarn. Rep. 357; Wood's Digest, 696.

Terry, C. J., delivered the opinion of the Court—Baldwin, J., and Field, J., concurring.

This was an action on the official bond of a County Treasurer.

The defense relied on is a settlement with the Board of Supervisors, at which settlement certain allowances were made to the Treasurer, leaving a balance due the county of seventy-three dollars, which was paid by Reed to his successor in office.

It appears that this settlement and allowance was made by the Supervisors at a special meeting, called for the transaction of other business; and that the settlement of the Treasurer's accounts was not specified in the order calling the meeting, as part of the business to be performed.

Section 5th of the Act "concerning Supervisors (Wood's Digest, 693) provides that when a special meeting of the Board of Supervisors is required, the order calling such meeting shall be entered in the records of the Board, etc.   *   *   The order shall specify the business to be performed, *and no other shall be transacted at such special meeting.*"

The reason of the prohibition contained in this section is fully

explained by the Act of May 12th, 1853, (Wood's Digest, 65) which provides that the District Attorney, when not engaged in the other Courts as criminal prosecutor, shall attend the sittings of the Board of Supervisors, " when engaged in auditing accounts and claims brought against the county, and in all cases oppose such accounts or claims as he may deem illegal, unjust, or extortionate ;" and the 21st section of the Supervisors' Act, (Wood's Digest, 696) which authorizes any person being a citizen and a tax-payer of the county, " to appear before the Board of Supervisors, and oppose the allowance of any claim or demand made against the county."

In order to give the amplest opportunity to the District Attorney, or citizens who desire to do so, to contest the allowance of improper demands against the Public Treasury, the business of the Supervisors is required to be transacted at the regular meetings provided by law; or if at special meetings, public notice must be given of the business to be so transacted, and unless such notice be given, the acts of the Supervisors are a nullity.

Judgment affirmed.