Waugh *v.* Chauncey.

---

## WAUGH *v.* CHAUNCEY *et al.*

THE Board of Supervisors of a county is a special tribunal with mixed powers—administrative, legislative, and judicial—and jurisdiction over roads, ferries, and bridges, is given to it by statute. Its judgments or orders, cannot be attacked collaterally, any more than the judgments of Courts of Record.

The statute, (Wood's Dig. 460,) gives such Board discretionary power over the location of new bridges and ferries within a mile of those previously established. And if, in the opinion of the Board, public convenience requires, such new bridges and ferries may be so located.

It is doubtful whether an appeal lies from the exercise of this discretion. But if it does, it must be made direct to some superior tribunal.

APPEAL from the Ninth District.

For case see opinion.

*Isaac Baggs*, for Appellant, cited : 6 Cal. 590 ; 3 Cal. 458—460 ; 8 Id. 58.

*R. T. Sprague*, for defendant, cited: 6 Cal. 590; 8 Id. 58; Wood's Dig. 460, Sec. 6.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This is a bill filed to enjoin the erection of a toll-bridge on the Sacramento River.

The defendants had procured a license and order from the Board of Supervisors of Shasta County. The plaintiff complains that he is the owner of a ferry legally established, situated near the site of the proposed bridge, and that the effect of the building of the bridge will be to injure his franchise and property. He asserts that various irregularities in the action of the Board, in granting the bridge license, occurred; and, among other things, that the Board acted upon insufficient proof in granting the bridge license.

On demurrer, the Court held that the plaintiff was not entitled to an injunction.

Hence, this appeal.

The opinion of the learned Judge of the Ninth Judicial District is in the record, and states the law in reference to this case with clearness and accuracy.

The Board of Supervisors is a special tribunal, with mixed powers—administrative, legislative, and judicial—and jurisdiction over roads, ferries, and bridges, is given it by the statute. Its judgments or orders cannot be attacked in a collateral way any more than the judgments of Courts of Record. (1 Black. 68; 6 Cal. 590.)

By the sixth section of the Act concerning ferries and toll-bridges, (Wood's Dig. 460,) it is provided that no ferry or toll-bridge shall be established within one mile immediately above or below a regularly established ferry or toll-bridge, unless it be required by the public convenience, or where the situation of a town or village, etc. It is thus seen that the mere fact of proximity is no bar to the establishment of a ferry or toll-bridge; but the meaning of this section is, that the Board shall be governed, in cases of such application, by its sense of the public convenience. Its direction is trusted on that subject, and its judgment is conclusive. We do not see that any appeal would lie from a fair and proper—if, indeed, from any—exercise

of this discretion. But if any appeal does lie, the appeal must be made directly to some superior tribunal. Its judgments or orders cannot be collaterally impeached, whether it acted upon sufficient or insufficient proof, regularly or irregularly. (Norris *v.* Farmers' & Teamsters' Company, 6 Cal. 598; 17 Ala. 576.)

Judgment affirmed.