Uridias *v.* Morrill.

---

## URIDIAS *v.* MORRILL.

NOTHING in our State Constitution prohibits the Legislature from declaring the Mayor of a city to be *ex officio* a Justice of the Peace, and under such a law the same person may constitutionally exercise the functions both of Mayor and Justice.

The express permission, in Sec. 1, Art. 6 of the Constitution, to establish *Municipal* Courts is within the exception to Art. 3 respecting the division of powers in the Government. The term "Municipal Courts" has a legal meaning, and includes Mayors' and Recorders' Courts.

The Constitution not having defined the jurisdiction of the Municipal Courts authorized to be established, it is left to be regulated by the Legislature under its general powers. These powers are not exceeded by conferring upon a Mayor the authority and jurisdiction of a Justice of the Peace.

APPEAL from the County Court of Santa Clara County.

The facts are stated in the opinion.

*Ryland, Williams & Yoell*, for Appellant.

The Mayor of San José is by law *ex officio* Justice of the Peace, with powers, and duties, and responsibilities of such Justices as may belong to a Justice of the Peace of the township of San José. The Legislature, in doing this, has violated no clause of our State Constitution. The Mayor of San José is not an executive officer under the third article of the Constitution. That article was never intended to apply to such an officer, and if it were, the Legislature, under the other sections of the Constitution, has full power to control such officers and such matters. (*Santo* v. *State of Iowa*, 2 Iowa, 220.)

Governments of cities and towns are molded and remolded as the Legislature may deem expedient. The powers, and the persons or officers who are to exercise those powers, and which are intended to be separated and distributed by the third article of the Constitution, are not controlled by the Legislature. Each branch of the Government divided by said article gets its powers from the Constitution, and each is in a certain extent independent. Not so with city or town governments. They are the offspring, as it were, of the Legislature, and are managed and controlled by it; changed, modified, abrogated, or abolished and renewed, as the Legislature chooses, under the general power to establish town organizations, and to distribute the powers thereof. The powers exercised by such governments are all derived from the Legislature, and without express or necessarily implied powers the city or town governments cannot act. Why, then, cannot the Legislature say that a Mayor of a city shall act as *ex officio* Justice of the Peace to decide upon the violations of city ordinances? and if he can decide upon the violations of city ordinances, why not act as any other Justice of the Peace? If the Mayor cannot perform any judicial act because he is an executive officer of the town, how can he preside at any of the meetings of the Council, and by what right can he vote in case of a tie or veto when he is opposed to a bill? These are legislative acts. To vote on the passage of a law is the highest legislative

act, and yet there is not a Mayor in the State of California but what is clothed more or less with legislative as well as executive powers and duties ; and if respondents are right, the various laws authorizing them so to do are unconstitutional, and all laws and ordinances passed by their votes are void.

This doctrine of the distribution of powers is attempted to .be carried too far.   Judges of the various Courts are authorized to take acknowledgments to deeds, depositions, affidavits, administer oaths, etc.   So are the Recorders, County Clerks, and Notaries Public authorized to perform the same acts, and yet both are sustained.   Now if such acts be judicial, what right has the Recorder, County Clerk, or Notary to perform such acts ?   The Recorder is not a judicial officer.

In the case of the *People* v. *Brooks* (16 Cal. 39) the Supreme Court decided that where discretion exists the power of each department is absolute, and that the Legislature can pass such laws as it may deem expedient, subject only to the prohibition of the Constitution, etc., and that when it passes over these limits its power for good or ill is gone.

It is further decided that there is nothing in the distribution of powers which places either department above the law, or makes either independent of the others.   It simply provides that there shall be separate departments, and it is only in a restricted sense that they are independent of each other.   If that be the law in reference to the State departments, the very departments which the framers of the Constitution intended to be separate and independent, how much more is that the case in reference to the matters left almost entirely within the power, discretion, and control of the Legislature.

To carry the doctrine to the extent contended for by respondents, in the Court below, would be ruinous ; it would clog the wheels of Government immediately.   All acts of life are so minutely connected, one with another, that it is impossible to separate them without affecting those which precede and succeed.   So it is with most of the acts of Government.   They cannot be separated.   They hinge one upon another, and are intended by the framers of the Constitution to dovetail in so that we may have one harmonious

whole. The true meaning of the Constitution is, that the whole power of one of these departments shall not be exercised by the same hands which possess the whole power of either of the other departments. (*People* v. *Brooks,* 16 Cal. 40.)

*F. E. Spencer* and *A. L. Rhodes,* for Appellant.

All offices of the Government, not only those provided for in the Constitution, but those created by the Legislature also belong to one of the three departments of Government. (*McCauley* v. *Weller,* 16 Cal. 40.) The main, primary, duties of the Mayor of a city are executive in their character. The corporation of the city is so constituted that the services of the Mayor, in his executive capacity, are indispensable to the working of the municipal government, and the corporation could have no vitality without the executive services of such an officer.

All of the duties of the Mayor of San José as enumerated in the charter, except the judicial functions conferred upon him *ex officio* by the ninth section, are executive, and so essential in their character that the municipal government must entirely fail, if he should be deprived of his executive powers, in order that he might properly discharge judicial powers.

The decisions of the Supreme Court upon the question of the exercise of executive powers by judicial officers have been uniform against the constitutionality of the acts conferring such powers. (*Burgoyne* v. *Supervisors,* 5 Cal. 9; *Dickey* v. *Hurlburt,* Id. 343; *People* v. *Town of Nevada,* 16 Id. 143.)

The question in this case is not whether the several departments of Government are independent in all respects, for it is admitted that they are not; nor is it whether certain officers can be authorized by law to discharge certain duties, the precise nature of which it is difficult to determine, they partaking of those of two or more of the departments of Government—as the approving of bonds and the taking of acknowledgments of deeds by the Judges, or the laying out of roads by Boards of Supervisors, or the veto power of the Mayor of a city. Nor does the question relate to the powers of the Legislature to establish a municipal government and prescribe the duties of its officers, but conceding that the Legislature

may create municipal offices with duties of a mixed character like those of a Supervisor, and in view of the fact that the duties of a Justice of the Peace in the trial of actions, as actions for the unlawful detainer of lands, are purely judicial, the question is, can such judicial duties and functions be conferred upon the Mayor of a city (who under the provisions of the charter is the chief executive officer of the city) under the provisions of the Constitution authorizing the Legislature to establish a city government?

If the propositions of the appellant can be maintained, and his arguments are sound, there is no restriction upon the Legislature in organizing municipal corporations, and there can be no good reason why the powers usually conferred upon Mayors cannot be exercised by a Justice of the Peace, or why the Mayor could not be vested with appellate powers, or why the Common Council could not be constituted a Court to try cases for the violation of their own ordinances, or why the Mayor, Marshal, and Assessor could not be constituted the legislative branch of the city government.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action for the unlawful holding over of land brought before the Mayor of San José, who is by law ex officio Justice of the Peace. The defendant demurred to the complaint on the ground that the Court had no jurisdiction, claiming that the law conferring judicial powers upon the Mayor was in violation of Art. 3 of the Constitution. The Mayor overruled the demurrer, the case was tried, and a judgment rendered for the plaintiff, from which the defendant appealed to the County Court, where he moved to dismiss the action on the same ground. The County Court sustained the motion, dismissed the action, and rendered a judgment in favor of the defendant for costs, from which the plaintiff appeals.

The Forcible Entry Act gives Justices of the Peace jurisdiction to hear and determine actions of this character. Sec. 9 of the act incorporating the City of San José, provides that the Mayor shall, ex officio, be a Justice of the Peace within and for the township of San José, with the same power and jurisdiction as is conferred by law upon Justices of the Peace, both in criminal and civil cases.

(Statutes of 1859, 111.)    Article 3 of the Constitution of this State reads as follows: " The powers of the Government of the State of California shall be divided into three separate departments: the legislative, the executive, and the judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except in the cases hereinafter expressly directed or permitted." It is insisted that the Mayor of San José holds an office pertaining to the executive department of the Government of the State of California, that he cannot therefore exercise any functions appertaining to the judicial department, and that this provision of the Act of 1859, which attempts to confer such powers upon him, is unconstitutional and void.

This third article of the Constitution excepts such cases as are thereinafter expressly directed or permitted. Article 6, Sec. 1, provides that " the judicial power of this State shall be vested in a Supreme Court, in District Courts, in County Courts, and in Justices of the Peace. The Legislature may also establish such *municipal* and other inferior Courts as may be deemed necessary." The term " Municipal Courts " has a legal meaning and signification, and clearly includes Mayors' and Recorders' Courts, as those were well known and universally recognized as being of that character. The office of Mayor was one in which the same person exercised the mixed duties of an executive and judicial officer, and comes within the exception of Art. 3. The Constitution has not defined the jurisdiction of such Courts, and it is therefore left to be regulated by the Legislature under its general powers. The act in question does not confer upon the Mayor of San José any jurisdiction which is by the Constitution vested in any other Court, and the Legislature has not therefore exceeded its powers in conferring upon him the same powers and jurisdiction as a Justice of the Peace. The principles laid down in the case of the *People* v. *El Dorado County* (8 Cal. 58) are applicable to the present question. The case of *Santo* v. *The State of Iowa* (2 Iowa, Clarke, 220) is also directly in point. In our judgment the act in question is constitutional and valid.

The judgment is reversed, and the cause remanded for further proceedings.