# FALL *et al.* *v.* PAINE *et al.*

BOARDS of Supervisors have jurisdiction conferred upon them by statute, to determine whether the public convenience requires a bridge or ferry within one mile of any other regularly licensed bridge or ferry ; and it is a question, whether their determination upon this point is not final and conclusive.

If, however, their determination on such matter is not final, it must be reviewed by *certiorari,* and cannot be attacked in a collateral action.

APPEAL from the District Court, Tenth Judicial District, Sutter County.

The facts appear in the opinion of the Court.

*F. B. Reardan,* for Appellants.

The exercise of the power to determine whether another ferry is required by public convenience, is the exercise of a judicial power, and the Board of Supervisors cannot exercise it arbitrarily. (8 Cal. 61, 62 ; 13 Id. 12 ; 14 Id. 499–501 ; 10 Id. 345.)

*C. Lindley, T. S. Belcher,* and *Z. Montgomery,* for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an appeal from an order refusing an injunction. The complaint avers that the plaintiffs are the owners of a toll-bridge over Feather River, between Yuba City and Marysville ; that the defendants are running a ferry, within one mile of the bridge, under a license issued by the Board of Supervisors of Yuba County, who had improperly determined, upon the application for the ferry license, that the public convenience required a ferry within one mile of the

bridge; and alleging numerous irregularities in the action of the Board of Supervisors in granting the ferry license, and also that they erred in deciding that the public convenience required a ferry at that place.

The plaintiffs have mistaken their remedy in this case. The Board of Supervisors is a special tribunal, with mixed powers, administrative and judicial; and it has full jurisdiction conferred upon it by the statute over all matters relating to bridges and ferries. Many questions of a judicial character come before it in determining such matters. Their decision in such cases is not final and conclusive, but their judgments and orders cannot be attacked in a collateral action, as is attempted in this case. (*Waugh* v. *Chauncey*, 13 Cal. 11; *Thomas* v. *Armstrong*, 7 Id. 287.) It is a question whether the judgment and determination of the board upon the point whether a ferry is demanded by public convenience within one mile of a regularly established ferry or bridge, is not final and conclusive, as a matter confided to their sound discretion. The judgments and orders of the board, in proper cases, where their action is not final and conclusive, can be reviewed by *certiorari*. (*People* v. *El Dorado Co.*, 8 Cal. 58; *People* v. *Marin Co.*, 10 Id. 344.) If the plaintiffs have any remedy to set aside the action of the board in granting the ferry license, it is by writ of *certiorari*, and not by the present action.

The order is therefore affirmed.