[No. 3,051.]

E. KIMBALL AND MARY KIMBALL *v.* THE BOARD OF SUPERVISORS OF ALAMEDA COUNTY, AND S. P. WOODWARD, ROAD COMMISSIONER OF EDEN TOWNSHIP, ALAMEDA COUNTY.

APPEARANCE A WAIVER OF NOTICE.—In proceedings by a Board of Supervisors to take private land for a public highway, an appearance before the Board of one of the persons whose land is about to be taken, is a waiver of service of notice upon such person.

POWER OF SUPERVISORS IN OPENING ROADS.—Boards of Supervisors, if authorized by law, may exercise the judicial powers necessary to be called into exercise in taking private lands for public highways, and the exercise of such power is not repugnant to that clause in the Constitution which declares that private property shall not be taken for public use without due process of law.

AMENDMENT TO SECTION OF AN ACT.—If a section of an Act is amended and published at length in a subsequent Act, and the original section is again amended and published at length in a still later Act, which repeals the first amendatory Act, the last Act is only an amendment of the original section, although it does not refer to the first amendatory Act except in the repealing clause.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The proposed road passed over the lands of several private proprietors.

The fifteenth section of the Act concerning roads and

highways in Alameda County, passed March 24th, 1862, was as follows:

"Upon payment or tender of the damages assessed by said Board, and assented to by said claimant or claimants, or awarded in said County Court and confirmed upon appeal therefrom, if any appeal is taken, such land so taken for such road shall be deemed vested in said county for all the purposes of said road; and the road may then be, by order of the said Board of Supervisors, established and opened across and over the same."

March 31st, 1866, an Act was passed amending several sections of said Act of 1862, section three of which was as follows:

"SEC. 3. Section fifteen of said Act is hereby amended so as to read as follows:

"Upon the payment or tender of the damages assessed by said Board, such land so taken for said road shall be deemed vested in said county for all the purposes of said road; and such road may then be, by order of the said Board of Supervisors, established and opened across and over the same."

An Act was passed March 27th, 1868, entitled "An Act to amend an Act concerning roads and highways in the County of Alameda," approved March 24th, 1862. By this last Act of 1868, section fifteen of the Act of 1862 was again amended and published, as amended, at length. The last section of the Act of 1868 repealed the amendatory Act of 1866.

The other facts are stated in the opinion.

*A. M. Crane,* for Appellant.

The complaint shows that the Board of Supervisors never acquired jurisdiction to order the road opened, because notice was not served on all the persons through whose land.

the proposed road would pass, nor does it appear that such notice was waived by any party. (Stats. 1868, p. 374, Sec. 3.) The road was an entirety, and if notice was not given to all the owners, the opening of the road would be illegal. Although plaintiffs may have had notice, yet, if others interested had no notice, it is clear that the road could not be opened at all. No presumption of notice can be indulged in—actual notice must be shown. (*Case* v. *Thompson*, 6 Wen. 634; *Bloom* v. *Burdick*, 1 Hill, 130.)

The law is unconstitutional, in so far as it makes the Board of Supervisors the final arbiters of the damages for the land taken for the road. (Stats. 1862, p. 81, Sec. 14; 1865-6, p. 566, Sec. 23; 1867-8, p. 375, Sec. 5; Const. Cal. Act 1, Sec. 8.) "No person shall be deprived of his property without due process of law," *i. e.*, by a suit, trial, and judgment, according to the course of the common law. (*Taylor* v. *Porter*, 1 Hill, 140; Story on Const., Sec. 1789.) The right to have damages finally assesed by a Court, pertains to the general road law and the railroad law. (Hittell's Dig., p. 960, Sec. 7, and pp. 133, 134, Secs. 23 to 32.)

The legal effect of the Acts of 1866 and 1868 (Stats. 1866, p. 566, Sec. 3; 1868, p. 375, Sec. 8) is entirely to repeal section fifteen of the Act of 1862, p. 81. (*Billings* v. *Harvey*, 6 Cal. 383.) Without the fifteenth section thus repealed, there remains no power to pay damages or open the road. Stats. of 1866, p. 566, Sec. 3, amends said section fifteen of Act of 1862, p. 81. The amended section is necessarily repealed, and the amendment takes its place. The statutes of 1868 again attempt to amend this same section fifteen, but section fifteen had ceased to exist more than two years before, and section three, of the Act of 1862, p. 81, had taken its place. There was, therefore, no such section fifteen in existence, to be amended. Then section eight, of Act of 1868, entirely repeals the Act of 1866 (p. 81). Hence it comes to this, viz: the fifteenth section of Act of 1862,

was repealed by the amendment of 1866, and the amendment of 1866 was repealed by the Act of 1868.

*S. P. Wright,* for Respondents.

The complaint shows that the Board of Supervisors complied in every particular with the special road law of Alameda County.   (Stats. 1862, p. 78; 1867–8, p. 374.)

The Board of Supervisors are a constitutional body (Art. XI, Sec. 5), and they necessarily possess executive, legislative, and judicial powers (*People* v. *El Dorado County,* 8 Cal. 58), and have jurisdiction over roads, ferries, and bridges. ( *Waugh* v. *Chauncey,* 13 Cal. 11; *People* v. *Berchan,* 12 Cal. 50; *Miller* v. *Board of Supervisors of Sacramento County,* 25 Cal. 93.)   The Board of Supervisors acted within their powers, in declaring a public road over the land of the defendants, and awarded "just compensation" therefor.   (*Sherman* v. *Buick,* 32 Cal. 241; *Lincoln* v. *Colusa County,* 28 Cal. 662; *Creanor* v. *Nelson,* 23 Cal. 464.)

Section fifteen of the Act of 1862, p. 81, was amended by the Act of 1868, p. 375, Sec. 5, and "reënacted and published at length."   (Art. IV, Sec. 25, Cons. of Cal.)   The Act of 1868 (Stats. 1868, p. 374) repealed the Act of 1866 (p. 81), and then "reënacted and published at length" certain sections to take the place of the Act repealed, which was a proper exercise of constitutional power.   (Art. IV, Secs. 1 and 17, Cons. Cal.)

By the Court, CROCKETT, J.:

This is an action to enjoin the Board of Supervisors from opening a road in Alameda County; and there are annexed to the complaint copies of all the proceedings had before the Board.   A demurrer to the complaint was sustained, and a final judgment entered for the defendants, from which the plaintiff appeals.

The first point made by the appellant is, that one of the parties over whose land the proposed road was to pass was not served with a notice of the intended application, as required by the statute, and it is contended that the Board acquired no jurisdiction of the proceeding, unless *all* the land owners were served. But a conclusive answer to this point is, that the omitted party appeared to the proceeding, and raised no objection for want of notice. His appearance dispensed with the necessity for the notice, and all the other parties in interest were duly served.

The next point made by the appellant is, that the statute which authorizes the Board of Supervisors to assess the damages on the opening of a highway violates that clause of the Constitution which provides that no person shall be deprived of his property without due process of law; and it is claimed that a judgment of the Board of Supervisors is not due process of law in the sense of the Constitution. But as early as the case of the *People* v. *Board of Supervisors of El Dorado*, 8 Cal. 58, it was decided that the Boards of Supervisors in this State may exercise judicial powers in certain classes of cases; and this ruling has been steadily adhered to ever since. In *Lincoln* v. *Colusa County*, 28 Cal. 662, the action was against the county for damages alleged to have been sustained by the plaintiff by reason of the opening across his land of a public highway by the Board of Supervisors; and this Court says: "under the Constitution private property cannot be taken for public use except upon compensation made. It is competent for the Legislature to fix the mode of condemnation, the method by which the damages to individuals shall be determined and the proceedings for their recovery." This power has been freely exercised in relation to lands taken for public highways under the Act of 1861.

It has been repeatedly decided that Boards of Supervisors have jurisdiction over roads, ferries, and bridges within their

respective counties. (*Waugh* v. *Chauncey*, 13 Cal. 11; *People* v. *Berchan*, 12 id. 50; *Miller* v. *Sacramento*, 25 id. 93; *Sherman* v. *Buick*, 32 id. 241; *Creanor* v. *Nelson*, 23 id. 464.)

We consider it as no longer an open question in this State whether Boards of Supervisors may exercise jurisdiction in opening public highways across public lands.

The only remaining point is whether the Act under which these proceedings were had was operative and in force when they were commenced. Section fifteen of the Act of March 24th, 1862 (Stats. 1862, p. 81), was not repealed, but only amended, by the Act of March 31st, 1866 (Stats. 1865-6, p. 566), and was further amended by the Act of March 27th, 1868 (Stats. 1867-8, p. 374).

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.