PEOPLE *ex rel.* RAUN AND PLANT *v.* THE BOARD OF SUPERVISORS OF EL DORADO COUNTY.

The Board of Supervisors of a county possesses no power to allow the County Auditor compensation for the issuance and cancellation of warrants drawn on the County Treasurer.

Such a claim is not authorized by law, and the power of the Board to allow accounts against the county is confined to those "legally chargeable."

County warrants acquire no greater validity in the hands of third parties than they originally possessed in the hands of the first holder, no matter for what consideration they may have been transferred, or in what faith they may have been taken. If illegal when issued, they are illegal for all time.

The protection which attends the purchaser of negotiable paper before maturity, without notice of the illegality of its consideration, does not extend to like purchasers of county warrants.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This is a proceeding to review by *certiorari* the action of the Board of Supervisors of El Dorado County, in allowing the Auditor of that county seventy-five cents for each warrant issued by him from the first of October, 1855, to the nineteenth of January, 1857. The allowance was made on the affidavit of the Auditor that, in the discharge of the duties of his office, he had performed a large amount of service between those dates in the issuance and cancellation of warrants, for which he had received no compensation. The allowance was by a resolution of the Board, and was accompanied by an order authorizing the Auditor to draw his warrant upon the County Treasurer, payable to himself or bearer, in pursuance of the resolution. No statement was made, either in his affidavit or in the resolution or order of the Board, of the number of the warrants issued and cancelled, or of the amount which the Auditor claimed for his services.

Upon the entry of the order, the Auditor drew a warrant in favor of himself for the sum of $2,327.25, and presented the same to the Treasurer of the county, by whom it was duly indorsed as " presented, and not paid for want of funds."

The writ in the present case was granted upon the petition of the relators, who are residents and tax-payers of the county, and at the same time an injunction was issued restraining the Auditor from

transferring and the Treasurer from paying the warrant. It subsequently appeared that the warrant had been sold and transferred previous to the issuance of the writ, for a valuable consideration, to one Miles Jewett, who became the purchaser without notice of the character of the services for which it was allowed; and upon his petition, he was permitted to intervene and contest the proceedings upon the return of the writ. The Court below adjudged the allowance to the Auditor illegal, and the warrant void, and perpetually enjoined the Treasurer from its payment, and directed the intervenor to produce and surrender the same for cancellation, and the Board of Supervisors at its next meeting to rescind and annul its resolution of allowance. From this judgment the appeal is taken.

*Newell & Williams* for Appellants.

Upon the facts in this case we make the following points:

1st. That the Board of Supervisors has allowed the account; that the same was a proper subject of adjudication by it, and its decision in the premises is final and conclusive.

2d. That at the time of the services for which said account was presented, there was no law requiring them to be performed by the Auditor; therefore that section 51 of the Fee Bill is not applicable to them. That the interests of the county required that they should be performed, and that it was competent for the Supervisors to have the same done; that to do this, they must procure the services of the Auditor; for such services the Auditor shall be allowed a compensation. The Board has made such allowance, and as of right and according to law it could do; and its decision as to the amount allowed is not the subject of review. (See Brady *v.* The Supervisors, 2 Sanford's Reports, page 473; directly in point.)

As to the intervenor, he is the innocent holder of the warrant; that the same is a negotiable paper, and although not collectable in the hands of Noteware, it is in the hands of the present holder.

*Sanderson & Hewes* for Respondents.

The proceedings were irregular, null and void:

1st. Because said allowance was made without there having been

first presented to the Board an account or bill of particulars showing the nature and amount of the services for which compensation was claimed, as is required by law and the practice of the Board.

2d. Because there was no "examination or settlement," on the part of the Board, of the amount to which said Auditor was entitled, if any, for these pretended services, as required by law.

3d. Because the order does not specify the amount for which the Auditor was authorized to draw his warrant, but leaves the same to be *ascertained* and fixed by the Auditor himself; a proceeding alike opposed to law and common sense.

4th. Because the pretended services for which said allowance was made are not "legally chargeable against the county."

5th. Because in passing said order and making said allowance the Board acted without color of law, and exceeded its jurisdiction.

6th. Because the action of the Board, instead of being in conformity with and sustained by the law, is in direct conflict with the express provisions of the statute in such case made and provided.

7th. The action of the Board being illegal, and its order null and void, the warrant was also illegal, null and void; and therefore, Jewett, the intervenor, by his purchase took the warrant upon the same terms as its first holder. He does not occupy the position of an innocent holder of negotiable paper, without notice of some *fraud* thereto in the hands of his endorser; but his position is rather that of a holder of forged paper. That which never was a "legal charge," cannot be made so by a simple transfer from one hand to another. Besides, the warrant, as required by law, (Wood's Digest, page 695, sec. 14) should carry upon its face the evidence of its own legality. The warrant in question does not specify the "liability" for which it was drawn within the meaning of the statute. The warrant only says "for Auditor's services;" it should have said, "for Auditor's services in issuing county warrants:" nor does the warrant specify when the "liability" accrued. If these defects were not fatal to the legality of the warrant, they were at least sufficient to put the intervenor upon inquiry; and such inquiry would have resulted in safety to him.

Establish the doctrine that a county warrant, illegal at its birth, becomes legal by a transfer to the hands of a "so called" innocent

holder, and corrupt officials, with a pliant or careless Board of Supervisors, will have the power to rob the County Treasury " *ad libitum.*" Government can only be bound by its tribunals or agents when they act strictly within the powers delegated to them by law; and what those powers are, every citizen is bound to know, for " *ignorantia legis nemineon excusat.*"   With these remarks we dismiss the case, so far as the intervenor's rights are concerned.

In passing the order under consideration, it is presumed that the Board acted under and by virtue of the second division of its powers and jurisdiction, which reads as follows :

" The Board of Supervisors shall have power and jurisdiction to examine, settle and allow all accounts legally chargeable against the county."   Wood's Digest, 694, sec. 9.

When acting under this branch of its powers, the Board exercises " judicial functions."   Brady *v.* Supervisors of New York, Sandford's Superior Court Reports, vol. 2, page 460, 472.

They must therefore be governed like other judicial tribunals by certain essential rules.   They must require the presentation of an account or bill of particulars of services for which compensation is claimed, and have proof thereof.   Wood's Digest, 696, sec. 24.

In this case there was no account presented, no examination, no computation, no proof, no settlement, and no allowance, as the law required. Therefore there was nothing before the Board for it to act upon.

It is the duty of the Board to fix the amount of the allowance ; it cannot delegate its powers to another.   Its order must specify the nature of the services rendered, when rendered, and the amount allowed for the same.

This order fixes no amount, but leaves the same to be ascertained by the very party in whose favor the allowance is made; hence the order is irregular and a nullity, and the subsequent action of the Auditor in drawing the warrant without authority and illegal.

The services for which this allowance was made, were not a legal charge against the county.   The Board could not therefore legally allow the same ; and in doing so it exceeded its jurisdiction.

The Auditor accepted his office without any stipulation as to compensation for his services, other than such fees as the Government might

see fit to allow him.    The Auditor, therefore, can claim no fees except such as are allowed by law.

At the time these services were rendered, the Auditor was not authorized to issue county warrants.    People *v.* Noteware, 8 Cal. 58.

Wood's Digest, 440, section 15, prescribes the fees which the County Auditor shall receive, and the services for which he can charge fees.

This section certainly does not allow the Auditor fees for issuing county warrants.    He cannot charge any other fees than those specially set forth in the Act.    Wood's Digest, 453, 2458, sec 51 ; *Ibid,* 455, art. 2472, sec. 69.

FIELD, J., after stating the facts, delivered the opinion of the Court —TERRY, C. J., and BALDWIN, J., concurring.

The action of the Board is entirely indefensible.    It has no support in any provision of law.    From its commencement to its end it was illegal.    In the first place, the affidavit of the Auditor presents no claim or account upon which the Board could act.    It simply states that services have been rendered for which no compensation has been received.    It does not give the amount or value of such services, or furnish any items which the Board could examine, settle and allow. In the second place, the allowance is not of any claim or demand, but only of a rate of compensation ; seventy-five cents for each warrant. Of the number of warrants issued, no information appears to have been asked, and none given.    To ascertain and determine this point no inquiry was had.    The whole subject was turned over to the Auditor himself, the party for whose benefit the order was made.    He was authorized to issue a warrant, and to insert such sum as, according to his system of examination and settlement, he should adjudge correct. In the third place, the services for which the allowance was made were not a legal charge against the county, and the power of the Supervisors to allow accounts is confined to those " legally chargeable."    (Session Laws 1855, chap. 74, sec. 9.)    The statute of 1855, regulating the fees of office, provides that the compensation to Auditors for specific services shall consist of certain fees, and that no fees shall be charged for any other services than those mentioned in that Act.    (Secs. 15, 51, 69.)    The Auditor of El Dorado County accepted his office whilst

this Act was in force, and his claim for compensation for the issuance and cancellation of warrants is not authorized by any of its clauses; it was not, therefore, "legally chargeable;" it was not a claim which the Board was empowered to "examine, settle and allow."

The purchaser, Jewett, is in no better position with the warrant than the Auditor would have been. County warrants acquire no greater validity in the hands of third parties than they originally possessed in the hands of the first holder, no matter for what consideration they may have been transferred, or in what faith they may have been taken. If illegal when issued, they are illegal for all time.

The protection which attends the purchaser of negotiable paper before maturity, without notice of the illegality of its consideration, does not extend to like purchasers of county warrants. Were this otherwise, it is easy to see that the county would be entirely at the mercy of the Board. A transfer of the warrant, no matter how illegal the claim for which it was issued, would leave the county remediless.

Judgment affirmed.