# DANA AND BROTHER *v.* THE CITY AND COUNTY OF SAN FRANCISCO.

WARRANTS drawn by the Auditor of San Francisco county in 1855, upon the County Treasurer, purporting on their face to be for a certain sum absolutely, "as ordered by the Board of Supervisors for    *    *    *    "—specifying what the warrants were drawn for—are not bills of exchange, or negotiable instruments, evidencing of themselves an indebtedness on the part of the county.

The holder of such a warrant cannot maintain an action upon it as a negotiable instrument.

Such warrants are not intended to constitute a new debt or evidence of a new debt against the county, but are the means prescribed by law for drawing money from the county treasury.

Probably the assignee of such warrants would be protected as the holder of a claim against the county. But this would result, not by virtue of the indorsement as passing to the assignee the legal title to the warrant, as an indorsee under the Law Merchant, but because in equity the indorsement would be deemed to be an assignment of the debt for which the warrant was issued, and an authority to the assignee to receive the money.

APPEAL from the Fourth District.

Suit upon four warrants drawn by the Auditor of San Francisco county upon the Treasurer thereof. Three of the warrants were drawn in 1855, and one in January, 1856, all in form similar to the one of which the following is a copy, with similar indorsements :

"AUDITOR'S OFFICE, SAN FRANCISCO, JULY 5TH, 1855.
" COUNTY AUDITOR'S OFFICE :                          No. 361.
"Treasurer of San Francisco county will pay to the order of J. D. Musgrove the sum of $1,000, as ordered by the Board of Supervisors, for making county maps.
                    [Signed.]          " JAMES GRANT,
" $1,000.                                      *County Auditor.*"

Across the face of the warrant is written :

                              SAN FRANCISCO, JULY 14TH, 1855.
" Not paid for want of funds.
                    " GEORGE W. GREEN, *County Treasurer.*
                    " A. E. SHANNON, *Deputy.*"

The complaint avers that under the Act of April 29th, 1851, (Stat. 1851, 322) the Board of Supervisors of San Francisco county had power, with the consent of a majority of its members, to examine, settle and allow all accounts chargeable against said county ; and that said Board " did examine, settle, allow and order to be paid a certain claim and account in favor of J. D. Musgrove against said county ; and, in pursuance of said order, on or about the twenty-sixth of February, 1855, the said county promised to pay to said Musgrove $1,000, for value received, and said county, by James Grant, then County Auditor, made and drew the certain warrant or order of said county in writing," dated, etc., and directed to the County Treasurer, requiring him to pay the sum of $1,000, as ordered by said Board, and delivered the same to said Musgrove, whereby said county " became liable and promised to pay said Musgrove " said sum ; that Musgrove afterwards " indorsed said warrant or order and delivered the same to plaintiffs for a valuable consideration ; " that payment was demanded and refused.

The complaint counts upon the other warrants in the same way, alleging plaintiffs to be the owners and holders thereof ; that defendants are indebted to them thereupon in the sum of, etc. ; asking judgment for the amount.

The answer, in substance, denies that the county is liable, or that the Auditor was authorized to draw his warrants, or that they constitute any evidence of indebtedness against defendants.

On the trial, plaintiff relied upon his warrants, which were introduced in evidence, and upon the orders of the Board of Supervisors directing the warrants to be drawn.

Defendants moved for a nonsuit on the ground, mainly, that the warrants were not negotiable instruments or bills of exchange, and not evidence of any indebtedness on the part of the county.   Motion denied, and the cause then submitted, and judgment subsequently rendered for defendants.   Plaintiffs appeal.

*Porter & Sawyer*, for Appellants.

I.   The warrants in suit have all the attributes of bills of exchange.   They are " open letters of request or orders " by the county of San Francisco, ordered by the constituted authorities of

the county, signed by the proper officers thereof, to pay the sum of money named therein to the order of a third party, for a valuable consideration, without condition, drawn on no special fund, and payable upon no contingency, but at all events. (3 Wills, 213 ; 2 Black. 1070 ; *Kelley* v. *The Mayor, etc., of Brooklyn*, 4 Hill, 263 ; *Baker* v. *Mechanics Ins. Co.*, 3 Wend. 94 ; *Moss* v. *Oakley*, 2 Hill, 265.) The county of San Francisco had power, under the Act of 1851, 322, to contract debts and to provide for their payment. Under that act, and also the Acts of 1850, 153, 1855, 53, in force when these warrants were drawn, the Supervisors had control over the subject matter of the contracts for which these warrants were given, and power to allow the claims to pay which the warrants were drawn, and the evidence shows that the claims were allowed and ordered paid ; and hence, the warrants are just as negotiable as if issued by an individual. (1 Parsons on Cont. 120 ; Angell & Ames on Corp. 24 ; Story on Prom. Notes, sec. 7.)

II. The cases of *Lucas, Turner & Co.* v. *San Francisco*, 7 Cal. 463 ; *Holland* v. *San Francisco*, 7 Id. 361 ; *Argenti* v. *San Francisco*, 16 Id. 255 ; *People* v. *Board Supervisors of El Dorado*, 11 Id. 170 ; and *Martin* v. *San Francisco*, 16 Id. 285, are not in point, because in most of them the question turned upon the absence of power in the City Charter to make the contracts upon which the warrants were based.

The case in 11 Cal. 170, went upon the ground that the Supervisors had no power to act in the matter ; and the Court held that the warrants could have no greater validity in the hands of third parties than in the hands of the first holders, and that if illegal when first issued, they were illegal for all time. But here the warrants were good in first hands, and hence good to plaintiffs.

III. Our proposition is not that *all* warrants drawn by the Auditor would be legal, but that warrants issued by order of the Board of Supervisors according to law, and for the payment of debts created by such Board, while in the performance of their legitimate business, and within their prescribed limits and drawn in the ordinary form, and according to the usual course of business, became legal warrants and are negotiable.

IV. The county officers, in this case, had authority as agents to sign the warrants, and hence the county is bound as principal.

*S. W. Holladay, City and County Attorney*, for Respondent.

The county scrip or warrants upon which this action is brought are not bills of exchange ; they are not negotiable paper ; they do not pass, by indorsement thereof, any right in the contract, claim or debt to which they relate, and they are not of themselves the evidence of debt sufficient to support an action. (*People* v. *Supervisors of El Dorado*, 11 Cal. 170.)

If these warrants are negotiable, they must stand the test of various rules of the Law Merchant. The first is, that no consideration need be expressed, for that is implied in the promise to pay an amount specified at a time stated. 2. The debt is established on proof of the signature of the maker. 3. There are usually three parties to a bill of exchange—the drawer, the drawee and the payee. It is defined to be " a written order from A to B, directing B to pay C a sum of money therein named." The authorities say that this definition is remarkable for its conciseness and accuracy.

The county is the chief contracting party in the case in hand. The Auditor is not a party to the contract, nor is the Treasurer. They are only the legal machinery which the county, in proper cases, uses to open its money chest to deliver the coin in satisfaction of some preëxisting debt incurred in the mode provided by statute, and if the Auditor exercises that machinery except upon authority of the county, expressed through its Board of Supervisors, his acts are illegal. If this is the true theory, then proof of the signature of the Auditor who draws the warrant, and of the Treasurer who indorses upon the warrant and subscribes a certificate that it is " not paid for want of funds," of itself is not sufficient evidence of a debt against the county. A warrant thus drawn and thus indorsed, does not of itself import a legal consideration to support an action against the county based on such warrant. If it is of itself sufficient, then all further proof would in the first instance be gratuitous and supererogatory. If it is not sufficient, then a complaint upon the warrant alone cannot be supported. It will be noticed that the complaint in this case counts upon the warrants alone as independent evidence of indebtedness. Upon them alone it must stand or fall.

32

If the warrants alone are not evidence of indebtedness, but the plaintiffs must go further, then it does not help the matter by showing an arbitrary order of the Supervisors to the Auditor to draw such warrants, for the Board of Supervisors are but agents to act as the law directs, the same as the Auditor and Treasurer; so that the order of the Board of Supervisors must be a legal one, based upon some valid subsisting legal obligation. There is no middle ground. The warrant itself imports a valid and binding obligation on the part of the county to pay the holder, or else the original debt or contract itself is the substance, and the Auditor's warrant is but the incident and has no intrinsic vigor. The warrant only shows on its face and back the acts of the Auditor and Treasurer. It might be natural enough to presume that the Auditor was ordered to draw it by the Board of Supervisors, but no such presumption should arise in favor of the acts of the officer who moves only by express authority manifested in a legal ·.ay. The Auditor is not like the merchant, who executes bills and notes for himself at pleasure, binding himself alone. If then the warrant is the mere incident, which can only follow upon a valid contract, when an action is based solely upon the incident, proof of the main fact is inadmissible and irrelevant.

The debt itself, for the payment of which the Auditor draws his warrant on the Treasurer, is to be established by proof of such facts as would establish the same result between two persons contracting. Certainly, not less proof will be required to fix a liability on the county.

If these warrants are not of themselves sufficient evidence of debt, then this indorsement and transfer can pass no title to the original claim to which they relate.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We think that the plaintiff, counting alone upon the county scrip or warrants, as negotiable instruments, evidencing of themselves an indebtedness on the part of the county, cannot maintain his pretension. This seems to be decided by the case of *The People* v. *Supervisors of El Dorado County* (11 Cal. 170). The reason is, that

the Auditor had no authority to draw a bill of exchange, but he can only, in certain cases, issue warrants upon the order of the Supervisors, or the allowance by the Board of an account, which is chargeable as a debt upon the county. The warrant is not intended to constitute a new debt, or evidence of a new debt, against the county, but is the prescribed means the law has devised for drawing money from the county treasury. It may be very true, that the warrant — as an open account — may be assigned, and the assignee be protected as the holder of a claim against the county. But this would be, not because the indorsement of the warrant carried with it the legal title of the scrip to the assignee, as an indorsee under the Law Merchant, but because the transaction would be, in equity, the assignment of the debt on which the scrip issued, and an authority to the assignee to receive the money. The question here is, not whether the county had the power to make a bill of exchange, but whether the Auditor, when, under the statute, he issues a warrant, has the power to give it the form and qualities of such an instrument. We think he has not, and that the paper, as here presented, has no such effect, if indeed it was so designed.

If the plaintiff has a valid claim upon the county, it ought to be paid; but he must proceed to enforce it in some other mode.

Judgment affirmed.