## KELLER v. HICKS et al.

A count in a complaint in the old form of assumpsit for money had and received, in which the promise is laid of a day more than two years prior to the commencement of the action, is demurrable on the ground that it shows the demand to be barred by the Statute of Limitations.

The assignor of a county warrant, who transfers the same by indorsement, is not liable to the assignee as an indorser of negotiable paper, nor as an assignor of an instrument in writing promising to pay money, or acknowledging money to be due, under the statute relating to bonds and due bills.

Dana v. San Francisco (19 Cal. 486) affirmed on this point.

The husband of a married woman is properly joined with her as a party defendant in an action upon a partnership obligation contracted by the wife and third persons as partners previous to the marriage and while she was a femme sole.

A complaint which contains a count setting forth the facts attending the purchase of a county warrant by plaintiff, and charging that defendants are liable upon an implied contract to repay the purchase money, and a second count charging defendants as indorsers of negotiable paper, and a third count in the usual form for money had and received, is not demurrable on the ground of a misjoinder of causes of action.

A county warrant drawn by the Auditor, directing the Treasurer to pay to H. & Co. nine hundred and sixty-five dollars for services as county printer, was for a valuable consideration indorsed by H. & Co. to F. and by F. transferred to plaintiff for nine hundred and sixty-five dollars paid by the latter. The warrant was in fact illegal and valueless, and payment being for this reason refused by the Treasurer plaintiff instituted the present action against H. & Co. and F. to recover back the amount paid by him, setting up in the complaint the foregoing facts, and that defendants, at the time of their transfers, represented that the warrant was valid and would be paid on presentation: held, on demurrer, that the complaint stated a cause of action, and that on the facts alleged plaintiff was entitled to recover from defendants the money which he had paid for the warrant.

APPEAL from the Tenth Judicial District.

The facts are stated in the opinion.

C. E. DeLong, for Appellant.

I.   The husband of Mrs. Carr was properly joined with her as a party defendant.   Sec. 7 of the Practice Act provides that "when a married woman is a party her husband shall be joined with her, except when the action concerns her separate property, or when the action is between herself and her husband," neither of which exceptions exist here.

30

Keller *v.* Hicks.

II.   No improper joinder of action is apparent from the complaint.   Sec. 64 of the Practice Act provides that "the plaintiff may unite several causes of action in the same complaint when they all arise out of contracts express or implied," etc.   It is well settled that an action for money had and received may be maintained by the payee of a promissory note against the maker and likewise against an indorser.   (*Eagle Bank* v. *Smith*, 5 Conn. 74, 75; *Jones and wife* v. *Steamship Cortes*, 17 Cal. 487.)

III.   No ambiguity, uncertainty, or unintelligibility is apparent upon the face of the complaint.   Objections to a complaint, when they arise from mere matters of form, are not the subject of demurrer.   (*Otero* v. *Ballard*, 3 Cal. 188; *Rollins* v. *Forbes*, 10 Id. 29.)   A complaint which demands more relief than can be awarded is not demurrable.   (*Moses* v. *Walker*, 2 Hill, 536.)

IV.   The plaintiff's entire cause of action pleaded is founded upon the county warrants—instruments in writing.   These warrants were purchased by plaintiff in January, 1859, and this action was instituted in November, 1862, within four years.   The Limitation Act provides that within three years an action may be brought for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.   The complaint sets up fraud in the sale and assignment to plaintiff of void warrants and illegal claims against Yuba County.   It is averred that we did not discover the fraud until a few months prior to the time this action was commenced.   "When a complaint does not directly show *prima facie* a case for the operation of the statute, a demurrer cannot be sustained upon this ground."   (*Barringer* v. *Warden*, 12 Cal. 311; *Sublette* v. *Tierney*, 9 Id. 423; *Conger* v. *Weaver*, 10 Id. 233.)   "The bar of the statute must clearly appear upon the face of the complaint."   (*Ord* v. *De la Guerra*, 18 Cal. 67.)

V.   "A demurrer to the whole declaration when some of the counts are good should be overruled."   (*Whiting* v. *Heslep*, 4 Cal. 347; *Weaver* v. *Conger*, 10 Id. 233; *Martin* v. *Matheson*, 8 Abbott's Pr. 3; *Newbury* v. *Garland*, 31 Barb. 121.)   Our statute relative to bonds, due bills, etc., makes county warrants negotiable and places them upon the same grounds, and makes them

Keller *v.* Hicks.

subject to the same rules as ordinary bills of exchange. (Wood's Digest, 75, Secs. 1–4.) The draft of a city upon its Treasurer, payable to L. or order, is a negotiable bill of exchange. (*Kelly* v. *The Mayor of Brooklyn*, 4 Hill, 263.) The seller of a public security takes upon himself the risk of its being genuine, and if it prove otherwise he is responsible, especially if he affirmed it to be good. (*Turner* v. *Tuttle*, 1 Root, 350.)

The indorsement of a note non-negotiable is equivalent to the making of a new note. It is a direct and positive undertaking on the part of the indorser to pay the note to the indorsee, and not a conditional one to pay it if the maker does not upon demand and notice. The indorser in such case stands in the relation of a principal and not a surety to his indorsee, and has no right to insist upon a previous demand and notice. (Chitty on Bills, 142; 4 Mass. 258; 8 Wend. 403; 15 Id. 19; 10 Barb. 402. See also Story on P. Notes, Sec. 118; *Warkle* v. *Hatfield*, 2 Johns. 453; 5 Conn. 71.)

One who transfers a negotiable note by mere delivery, without indorsing it, warrants its genuineness. (*Williams* v. *Mathews*, 3 Conn. 252; *Turner* v. *Tuttle*, 1 Root, 350—above cited.) These warrants having been sold to plaintiff by Felton as genuine warrants of value, and not being such, he is clearly liable to plaintiff in an action for money had and received for the money paid to him for them.

*F. D. Hatch*, for Respondents Hicks & Co.

I. The first two counts show no cause of action against the defendants, or any of them. The county warrants sued upon are treated as bills of exchange, and the defendants are sought to be held simply as indorsers. This Court has held that county warrants are not bills of exchange, or negotiable instruments, and that the holder of such warrants cannot maintain an action upon them treating them as such. (*Dana* v. *San Francisco*, 19 Cal. 486.) Nor can the appellant bring the case within the statutes relating to bonds, due bills, etc. (Wood's Digest, 75.) County warrants are not bonds, due bills, or " other instruments of writing," whereby any " person," or " body politic or corporate," promises or agrees

to pay any sum or sums of money, or articles of personal property, or any sum of money in personal property. To come within the statute the instrument must be such an instrument as evidences of itself an indebtedness. (See cases above cited.)

II. The third count is a simple count for money had and received. It is complete in itself, and for the purposes of the demurrer must be treated as such. Dating from the twelfth of January, 1858, the time of the alleged promise to pay, and more than five years have elapsed. Dating from the twelfth of January, 1859, the time of the alleged indebtedness, and more than four years have elapsed. The right of action for money had and received is barred in two years. (Wood's Digest, 47, Art. 17.)

Demurrer is the proper pleading when it appears upon the face of the complaint, or upon the face of the count, that the right of action is barred by the Statute of Limitations. (*Sublette* v. *Tierney*, 9 Cal. 425; *Barringer* v. *Warden*, 12 Id. 314.)

*C. E. Filkins*, for Respondent Felton.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the amount of certain county warrants or orders drawn by the County Auditor upon the County Treasurer of Yuba County in favor of W. F. Hicks & Co. The complaint avers that the defendants, Hicks, Magruder, Addington, and Mrs. Laird (now Mrs. Carr), were partners, under the name of W. F. Hicks & Co., and as such printed the delinquent tax list of Yuba County for the year 1858; that two warrants, or orders, were issued to them therefor, the following being a copy of one of them:

"MARYSVILLE, December 24th, 1858.

"Warrant No. 712.—To the Treasurer of Yuba County: Pay to W. F. Hicks & Co., or order, the sum of nine hundred and sixty-five dollars for services as County Printer.

"Yuba County Treasury Warrant for $965.

"W. H. WICKERSHAM, County Auditor."

That January 2d, 1859, Hicks & Co., for a good and valuable con-

sideration paid them by the defendant Felton, indorsed and deliv-
ered the warrants to him; that Felton, on the twelfth day of
January, 1859, sold and delivered the warrants to the plaintiff for
the sum of nine hundred and sixty-five dollars, paid him by one
Smith, out of plaintiff's money; that the warrants were not paid,
and he commenced an action against the County Treasurer to com-
pel their payment, and upon appeal to this Court it was decided
that the warrants were illegally drawn and therefore void (*Keller*
v. *Hyde*, 20 Cal. 593), and that judgment was accordingly ren-
dered against him on the first day of September, 1862, which was
the first knowledge he had of the facts on which the invalidity of
the warrants was founded, and of the fraud perpetrated upon him;
that the defendants represented to him that they were just and valid
claims against the county, upon which representation he purchased
the warrants and paid Felton the sum of nine hundred and sixty-
five dollars; that he has demanded payment of the defendants
which they have refused.   Then follows a count in which the war-
rants are counted on similar to promissory notes or bills of exchange
under the old forms, followed by a count in assumpsit for nine hun-
dred and sixty-five dollars, for money had and received, the promise
in which is laid as of January 12th, 1858.

To this complaint Felton filed his separate demurrer, and the
other defendants a joint demurrer, upon the following grounds: 1st,
misjoinder of defendants; 2d, that several causes of action were
improperly united; 3d, that it is ambiguous and uncertain; 4th,
that the cause of action in the last count is barred by the Statute
of Limitations; 5th, that the complaint does not state facts suffi-
cient to constitute a cause of action.   The Court sustained the
demurrer, and allowed the plaintiff ten days time in which to amend
his complaint.   Failing to amend within the time, a final judgment
was rendered for the defendants, from which he appeals.

The demurrer of Felton sets forth that the two last counts were
barred by the Statute of Limitations, while that of the other defend-
ants applied that ground only to the last count.   Each count is to
be deemed as a separate and independent cause of action, and the
demand set forth in the last count is clearly barred by the Statute
of Limitations, whether the date of the liability is January 12th,

1858, or January 12th, 1859. It is upon a liability not founded upon an instrument of writing, for no writing is referred to in that cause of action or count, and the two years' limitation therefore applies to it; and as this action was not commenced until November 3d, 1862, it was not within the time limited by the statute.

As to the second count, in which the warrants are treated as written obligations to pay money, on which the defendants are liable as indorsers, it is clear that it sets up no cause of action, as was substantially held by this Court in *Dana* v. *San Francisco* (19 Cal. 486). The demurrer was, therefore, properly sustained as to the second and third causes of action. This leaves only the first cause of action to be examined.

The complaint alleges that Mrs. Carr, the wife of the defendant Wm. Carr, was, prior to her marriage to Carr, a *femme sole,* and as such, under the name of Mrs. Laird, was a member of the partnership firm of Hicks & Co. The defendants insist there was a misjoinder of parties in making her husband defendant with herself and the other parties. We think this objection is not well taken. She still remained liable to be sued for the debts of the firm of which she was a member, and after her marriage it was necessary to make her husband a defendant with her in all actions of that kind. All the several causes of action set forth in the complaint, arising as they do out of contracts, were properly united in one action under Sec. 64 of the Practice Act. Nor is there any ambiguity or uncertainty in the complaint. The only ground of demurrer to the first cause of action to be examined is, therefore, whether it states facts sufficient to constitute a cause of action.

Hicks & Co. were indorsers upon the warrants, and the plaintiff claims that they are liable to him as indorsers of negotiable paper; and if not in that way, then as assignors under the statute relating to bonds, due bills, etc. (Wood's Dig. 75.) In *Dana* v. *San Francisco* it was held that such warrants were not intended as evidence of a debt, but merely as the means prescribed by law for drawing money from the county treasury, and that an indorsement of such paper did not transfer the legal title like an indorsement under the law merchant. It is clear, therefore, that the defendants are not liable as indorsers of negotiable paper. Nor are those war-

rants instruments in writing, promising or agreeing to pay a sum of money, or acknowledging a sum of money to be due, within the statute relating to bonds and due bills. Of course, they cannot be held liable as assignors under that statute. It is not averred that Felton indorsed the warrants, so that neither of these grounds of liability apply to him.

If, however, it is true, as averred in the complaint, that the defendants obtained the sum of nine hundred and sixty-five dollars from the plaintiff by fraud and misrepresentation, and by the transfer of county warrants of no value, then the consideration upon which the money was paid has failed, and they have in their hands that sum of money which equitably belongs to him, and he has a right of action to recover the same. (*Kuntz* v. *Livingston*, 15 Cal. 344, and the cases therein cited.) A. purchased a land warrant, and being ignorant of its invalidity sold it to B. for a valuable consideration. The warrant was afterwards adjudged invalid: *held*, that B. could recover back the price paid. (*Boyd* v. *Anderson*, 1 Overton, 428.) A payment of a note was made in bills, one of which was afterwards discovered to be counterfeit: *held*, that the payee could recover from the payer the amount of such counterfeit bill. (*Young* v. *Adams*, 6 Mass. 182; *Markle* v. *Hatfield*, 2 Johns. 455.) The first count in the complaint, therefore, sets forth a cause of action, and the Court below erred in sustaining the demurrers.

The judgment is reversed and the cause remanded.