## THE PEOPLE *ex rel.* BARRY *v.* GRAY.

<div style="float:right">23   125<br>77   640</div>

A WARRANT drawn by the Auditor of a County upon the Treasurer, although payable to "A or bearer," does not possess the quality of negotiable paper so as to make it transferable by delivery.

The County Treasurer cannot be compelled to pay to any other person than the one in whose favor it is drawn, without at least an assignment of the warrant by the payee.

APPEAL from the Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*Whitman & Wells*, for Appellant.

It has been settled by repeated decisions of this Court that instruments of the nature of the one set forth in the complaint are not negotiable instruments; it follows that they, by themselves, constituted no cause of action, and are not in fact the evidence of debt sufficient to support the action, and it follows of course that the character of negotiable paper being denied, the holder can claim none of its privileges in dealing with it. (*People* v. *El Dorado Co.*, 11 Cal. 170; *Argenti* v. *San Francisco*, 16 Id. 257; *Martin* v. *Same*, Id. 287; *Dana & Bro.* v. *Same*, 19 Id. 486; *Keller* v. *Hicks*, 22 Id. 457.)

With this rule so well established, the plaintiff's title must fail. He has simply averred and proved a purchase of the warrant—not a purchase of the debt—not an assignment of the account which the warrant was simply the machinery to pay, which might entitle him to protection, but a purchase from a person not the owner, who cannot

and does not claim to have succeeded to the actual rights of the original payee—the right to draw the money from the treasury in satisfaction of his claim.

*John Curry*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an application for a writ of mandate to compel the defendant, who is the County Treasurer of Solano County, to pay a certain warrant drawn on the treasury of that county. The case was tried by the Court, who found for the plaintiff, and a judgment was rendered accordingly, from which the defendant appeals.

It appears that the warrant in question was issued to one Thompson for services as District Attorney; that he intrusted it to one Osborne to sell for him; that Osborne lost it; that Thompson afterwards applied to the Board of Supervisors for a duplicate warrant, which was issued, and which was in due time paid by the County Treasurer. One Weinemann appears to have sold the original warrant to the relator; but Thompson never sold or assigned it to any person. The following is a copy of the warrant:

"No. 2,698.    BENICIA, Solano County, October 27, 1858.

"The Treasurer of Solano County: Pay to James H. Thompson, or bearer, for salary as District Attorney, for the quarter ending October 1, 1858, out of the General County Fund, the amount of three hundred and seventy-five dollars ($375).

"WILLIAM J. HOOTEN,
"Auditor Solano County."

It has been repeatedly held by this Court that warrants of this kind do not possess the qualities of negotiable paper, like bills of exchange, promissory notes, and the like. (*People* v. *El Dorado Co.*, 11 Cal. 170 ; *Argenti* v. *San Francisco*, 16 Id. 275 ; *Martin* v. *San Francisco*, Id. 285 ; *Dana* v. *San Francisco*, 19 Id. 486 ; *Keller* v. *Hicks*, 22 Id. 457.) The fact that the warrant is payable to bearer will not therefore make it transferable by delivery like a promissory note thus payable. In *Martin* v. *San Francisco*

it was held that even where there was a regular assignment of such a warrant by the person to whom it was issued, the assignee could not maintain an action on it without an assignment of the original indebtedness. But in *Dana* v. *San Francisco* it was intimated that an assignment of the warrant might be deemed in equity an assignment of the debt on which the warrant issued, and an authority to the assignee to receive the money. In the case of Martin the warrant was payable to the payees, or bearer, and in the case of Dana it was made payable to the order of the payee. It is clear that the County Treasurer cannot be compelled to pay a county warrant to any other person than the one in whose favor it is drawn, without at least an assignment of the warrant by the payee. The affidavit on which the application for the writ was made does not allege any such assignment, or any transfer or assignment either of the warrant or the debt for which it issued, by Thompson; and it therefore failed to show facts sufficient to authorize the writ to be issued. Nor was this defect cured by any evidence. The findings merely state " that in the month of August, 1859, or about that time, the said Barry purchased and became the owner and holder of said warrant." This is entirely insufficient to sustain the judgment, even if the affidavit was sufficient.

The judgment is therefore reversed and the cause remanded.