[No. 928.]

THE STATE OF NEVADA EX REL. H. H. BECK ET AL., RELATORS, *v.* THE BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY ET AL., RESPONDENTS.

CERTIORARI—WHEN WILL NOT BE ISSUED—CLAIMS AGAINST COUNTY.—A writ of certiorari will not be issued to review claims against a county which have been audited, allowed and paid.

IDEM—REMEDY AT LAW.—If the commissioners and auditor exceeded their jurisdiction in allowing and auditing the claims, their action would be null and void and the remedy would be by an action at law to recover back the money paid.

IDEM—WHEN WRIT WILL ISSUE—COUNTY COMMISSIONERS.—The power of county commissioners to allow accounts against a county is confined to those "legally chargeable," and a writ of certiorari will issue to review their action.

IDEM—TRANSCRIBING TESTIMONY FOR THE GOVERNOR.—It is the duty of the district judge to transmit the testimony in a capital case to the Governor. (1 Comp. Laws, 2088.) The statute does not authorize the clerk to perform any such duty or to make any charge therefor.

COSTS—TAXED AGAINST RESPONDENTS.—Where, after the issuance of the writ of certiorari, the county commissioners and county auditor canceled the claim to be reviewed: *Held,* there being nothing in the record to

' show that it was the intention of such officers before the writ was issued to cancel such claim, that the costs of the proceeding should be taxed against respondents.

Application for writ of certiorari.

The facts sufficiently appear in the opinion.

*Boardman & Varian*, for Relators:

I. The board of county commissioners has no authority conferred upon it to allow any claims not legally chargeable against the county. (2 Comp. Laws, 3077; *People* v. *Supervisors El Dorado Co.* 8 Cal. 59; Id. 11 Id. 174; *Linden* v. *Case*, 46 Id. 174; *El Dorado Co.* v. *Elstner*, 18 Id. 148; *Robinson* v. *Supervisors*, 16 Id. 208; *People ex rel. Merritt* v. *Lawrence*, 6 Hill, 244.)

II. The fees charged by the officers are not authorized by statute. In the absence of an express statute they are not legal charges. (*Bicknell* v. *Amador County*, 30 Cal. 238; *Kitchell* v. *Madison County*, 4 Scam. 165; 2 Black. 1, 365; Comp. Laws, 1832, 1995, 2004, 2015, 2016, 2075, 2080, 2084, 2162–4, 2191, 2299, 2300, 2740, 2745, 3075; *U. S.* v. *Waitz*, 3 Sawyer, 473.)

*John Bowman, District Attorney*, of Washoe County, also for Relators.

*Wm. Cain, S. A. Mann* and *R. M. Clarke*, for Respondents:

I. The writ of certiorari will not lie unless in a case where the act complained of is the exercise of "judicial functions," and not then if there be any other plain, speedy and adequate remedy. (Comp. Laws, 1497, 1503; *State* v. *Commissioners of Washoe County*, 5 Nev. 317; *Hetzel* v. *Commissioners Eureka County*, 8 Id. 362; *Birchfield* v. *Harris*, 9 Id. 382, 386; *Maxwell* v. *Rives*, 11 Id. 213; *Phillips* v. *Welch et al.*, 12 Id. 158.)

II. The board of commissioners are charged with the duty of acting on all unaudited demands against the county and allowing or rejecting the same. (Comp. Laws, 3078, 3093.) To put the functions of the board in action it is only necessary to have: 1. A meeting of the board; 2. An

unaudited demand against the county, presented within six months after due, properly authenticated. (Comp. Laws, 3093.) When such unaudited demand is presented the board must act—must allow or reject the demand: Comp. Laws, 3078, 3093; and, in case of refusal, *action* may be compelled by mandamus. (Comp. Laws, 1508; *People* v. *Superv. San Francisco*, 11 Cal. 42, 47; Id. 28 Id. 429, 431; *People* v. *Superv. Co. New York*, 21 How. Pr. 323; *People* v. *Superv. Courtland*, 24 Id. 119; *People* v. *Sexton*, 24 Cal. 79; *People* v. *Lake Co.* 33 Id. 487; 26 Ohio St. 364, 369; *Supervisors* v. *Briggs*, 2 Denio, 26.) Jurisdiction is power to hear and determine—to act concerning the matter involved. (6 Peters, 691, 709; 43 Cal. 365, 368; *Ex parte Winston*, 9 Nev. 71; *Phillips* v. *Welch*, 12 Id. 158.) The commissioners must of necessity determine what are and what are not accounts legally chargeable against the county, and such determination necessarily involves the exercise of jurisdiction. (*Hotchkiss* v. *Board of Supervisors*, 65 N. Y. 222, 226.)

III. The writ of certiorari will not be granted in any case where the injury is fully consummated, because: 1. It would be fruitless; 2. There is no one " beneficially interested." (Comp. Laws, 1490; *People* v. *Mayor N. Y.*, 5 Barb. 43, 49; *Londonderry* v. *Peru*, 45 Vt. 429; *Furbush* v. *Cunningham*, 56 Me. 186; *People* v. *Tax Commissioners*, 43 Barb. 494; *People* v. *Commissioners of Highways*, 30 N. Y. 72; *Carroll* v. *Siebenthaler*, 37 Cal. 193, 196; *Andrews* v. *Pratt*, 44 Id. 309, 318.)

IV. The writ of certiorari will not lie in any case where there is any other plain, speedy and adequate remedy. (Comp. Laws, 1497; *People* v. *Board of Pilot Commissioners*, 37 Barb. 126; *People* v. *County Judge*, 40 Cal. 479; 44 Id. 309, 318.)

V. The writ should be denied, because the board not only had jurisdiction to act upon the claims in question, but the claims and all the items composing them were just and proper charges against the county. (Comp. Laws, 2737; 18 Johns. R. 242.)

By the Court, Hawley, J.:

This is an application by ten taxpayers of Washoe county for a writ of certiorari to review the action of the board of county commissioners and county auditor of Washoe county in allowing and auditing certain claims in favor of P. B. Comstock, county clerk of said county. The claims amount in the aggregate to four thousand four hundred and twenty-seven dollars and forty cents.

In an amendment to the original petition 'it is, among other things, alleged: "That all of said claims," excepting the claim for three hundred and seventy-three dollars for transcribing the testimony in the case of *The State* v. *Rover*, to be forwarded to the governor's office, "have been heretofore, and prior to the filing of the original petition, audited and allowed, and warrants for the same on the county treasury of said county, drawn by * * * John B. Williams, auditor; * * * that each and every of said claims, and the warrants therefor, have been, prior to the filing of the original petition by the county treasurer of said county, out of the moneys thereof, paid to the said P. B. Comstock."

So far as these claims are concerned, relators are not entitled, in this proceeding, to have the same reviewed. They would not be benefited by a review of the action of the commissioners and auditor, even if their acts were declared null and void. Under the provisions of the statute the affidavit for the writ of certiorari must show that the party applying is beneficially interested. (Stats. 1869, sec. 437.)

The several claims having been allowed, audited and paid, it would be a useless ceremony in this proceeding to review the action of the commissioners and auditor. (*People* v. *Commissioners*, 43 Barb. 494.)

If, as alleged in the petition, the claims were not legally chargeable, and if, in allowing and auditing the same, the commissioners and auditor exceeded their jurisdiction (questions which we do not here decide), then their action was null and void. (*People* v. *Lawrence*, 6 Hill, 244; *People ex rel. Hotchkiss* v. *Supervisors*, 65 N. Y. 225; *Carroll* v.

*Siebenthaler*, 37 Cal. 196; *Linden* v. *Case*, 46 Cal. 174; and the remedy would be by a suit at law, by the county against the clerk, to recover back the amount of money, if any, paid to Comstock without warrant of law. (*Board of Supervisors* v. *Ellis,* 59 N. Y. 620.) The petition shows that the account of three hundred and seventy-three dollars "has been * * * audited and allowed by the said auditor as a just and legal claim against the said county; but that no warrant has yet been drawn therefor and the same has not yet been paid." As to this particular claim the relators are beneficially interested.

The statute creating a board of county commissioners, and defining their duties, provides, among other things, that the "commissioners shall have power and jurisdiction in their respective counties * * * to examine, settle and allow all accounts legally chargeable against the county." (2 Comp. Laws, 3077.)

Prior to the adoption of this statute the supreme court of California decided, under a similar statute, that the power of the supervisors to allow accounts against the county is confined to those "legally chargeable," and that a writ of certiorari would lie to review the action of the board. (*People* v. *Supervisors of El Dorado County,* 8 Cal. 58; Id. 11 Cal. 170: *Robinson* v. *Board of Supervisors,* 16 Cal. 208.) The commissioners and auditor, in allowing and auditing the accounts, are limited to the powers conferred upon them by statute. (*People* v. *Lawrence,* 6 Hill, 244, and authorities before cited.) Their action in allowing and auditing the account in question is wholly indefensible. There is no law authorizing the clerk to perform any such duty or to make any such charge. The claim, upon its face, clearly shows that it was not legally chargeable against the county. The statute makes it the duty of the judge of the court to transmit the testimony taken at the trial to the governor. (1 Comp. Laws, 2080.)

There is no statute authorizing any charge to be made for transcribing the testimony so taken for the purpose of transmitting it to the governor. The demurrer to the petition, in so far as it applies to all the accounts which have been

paid, is sustained; and in so far as it relates to the claim of three hundred and seventy-three dollars it is overruled.

The clerk will issue a writ of certiorari directed to the board of county commissioners of Washoe county and to the county auditor of said county commanding them to fully certify all the records and proceedings of said board and auditor relating to the said claim of three hundred and seventy-three dollars to this court on or before the third day of March, A. D. 1879.

Opinion upon return of writ of certiorari.

By the Court, Hawley, J.:

The return to the writ of certiorari, heretofore issued, shows that after the filing of the petition for the writ, by the relators, the board of county commissioners, on the application of P. B. Comstock, ordered that the claim of three hundred and seventy-three dollars, for transcribing the evidence in the *Rover case* for the governor's office, "be canceled of record by the auditor;" that the auditor, in pursuance of said order, "canceled said claim * * * on the claim book, and made the necessary entry in the books of the county." The only question, therefore, for us to consider is one of costs.

It satisfactorily appears, from the return to the writ, that it was not the intention of the board of county commissioners to ever have this claim paid; that by a verbal understanding between the commissioners and the auditor the claim was audited, in order "that it might be properly presented for payment to Humboldt county, and in case the said claim was not allowed and paid by Humboldt county that no warrant should be issued * * * on the treasurer of Washoe county for its payment." Upon this showing the respondents claim that the costs of this proceeding should not be taxed against them. There was nothing in the public records to show the intention of the officers in allowing and auditing this claim.

It does not appear, from the records before us, that the relators had any knowledge of such officers' intentions.

Statement of Facts.

They were authorized to act, and did act, upon the facts as shown by the records of Washoe county. The respondents in their brief, filed in support of their demurrer, claimed that the county commissioners' and county auditor were authorized by law to allow and audit this particular account.

Under the circumstances of this case it is ordered that the writ be dismissed and that the costs of this proceeding be taxed against respondents.