[No. 11541.   Department Two. — December 29, 1888.]

DAVID SHAKESPEAR, APPELLANT, v. W. A. C. SMITH
ET AL., RESPONDENTS.

SCHOOL DISTRICT — ORDER FOR REQUISITION — TRUSTEE PERSONALLY IN-
TERESTED. — An order for a requisition drawn on the county superin-
tendent of public schools by two of the trustees of a school district, one
of whom is personally interested in it, and therefore incompetent to act,
is void for want of the sanction of a competent majority of the board of
trustees, whether the interested trustee has acted fairly or unfairly in
the matter.

ID. — NEGOTIABLE INSTRUMENT — BONA FIDE PURCHASER. — Such an order
is not a negotiable instrument in the sense that an innocent holder for
value is protected.

ID. — CANCELLATION OF ORDER — ENJOINING DRAWING REQUISITION ON
AUDITOR — PROPER PARTIES DEFENDANT. — In an action by a tax-payer
to compel the cancellation of such order, and to restrain the superintend-
ent of schools from drawing a requisition on the county auditor, the par-
ties interested in the order, and the superintendent of schools, may be
properly joined as parties defendant.

APPEAL from a judgment of the Superior Court of
Napa County.

The facts are stated in the opinion of the court.

*Dennis Spencer*, *W. F. Henning*, and *Garret W. McEn-
erney*, for Appellant.

*F. E. Johnston*, *Wallace & Johnston*, and *Henry Hogan*,
for Respondents.

SEARLS, C. J.—This is an action by plaintiff as a tax-
payer and resident of St. Helena school district No. 10,
county of Napa, on his own behalf, and in behalf of all
other tax-payers of said school district, for the surren-
der and cancellation, and to declare null and void, a cer-
tain order of W. A. C. Smith and C. N. Hale, two of the
trustees of said school district, on the county superin-
tendent of schools, in favor of George B. Kennedy or
order, which said order, with the assignments and in-
dorsements thereon, is in the words and figures follow-
ing:—

"ORDER UPON THE COUNTY SUPERINTENDENT OF PUBLIC SCHOOLS.

"No. 294.          ST. HELENA, January 8, 1886.

"The county superintendent of public schools of Napa County will draw a requisition on the county auditor against the special tax school fund for $930.93 in favor of George B. Kennedy or order, on account of a contract for repairing school-house in full during the present school year in St. Helena school district.

"W. A. C. SMITH,

"C. N. HALE,

"School Trustees of St. Helena District.

"Indorsed: Pay to W. A. C. Smith or order.

"GEO. B. KENNEDY.

"Pay Bank of Napa or order, for collection.

"Account of W. A. C. SMITH."

The complaint shows that plaintiff and defendants W. A. C. Smith and C. N. Hale were trustees of the school district mentioned, and as such they, or a majority of them, contracted with the defendant George B. Kennedy to repair the school-house of their district, in consideration of which they agreed to pay $892.51 on or before September 10, 1885, or in lieu thereof to give an order to the school superintendent for a like amount; that at the instance of the trustees, Kennedy performed certain extra labor upon the school-house which, added to the contract price, aggregated $930.93, as specified in the foregoing order.

Upon the allowance of the order, plaintiff voted against, and defendants Smith and Hale for, such allowance.

On or before November 8, 1885, Kennedy sold, transferred, and assigned to trustee Smith his interest in the contract, and the proceeds to accrue therefrom, and said Smith was interested in the claim prior to and at the date of its allowance by the board of trustees.

The bank of Napa, another of the defendants, is alleged to have an interest in the claim or order, and is therefore made a party defendant.

Defendant Shearer is the superintendent of schools for Napa County, and the complaint asks that he be enjoined from drawing any requisition upon the auditor of the county for payment, etc.

A demurrer was interposed by the defendants, upon the grounds,—1. That the amended complaint does not state facts sufficient to constitute a cause of action; and 2. That Shearer and the bank of Napa are improperly joined as defendants, and that C. N. Hale should have been made a party defendant.

The demurrer was sustained, and plaintiff declining to amend, judgment was entered for defendants, and against the plaintiff, for costs.

In fact, there were separate demurrers by different defendants, but for convenience in reference we may treat them as one.

We are of opinion the demurrer should have been overruled.

The order in question was drawn by the concurrence of two only of the trustees, one of whom was interested in it, and being incompetent to act, it was void for want of the sanction of a competent majority of the board. (*San Diego* v. *S. D. & L. A. R. R. Co.*, 44 Cal. 111; *Andrews* v. *Pratt*, 44 Cal. 309; *Pickett* v. *School District*, 25 Wis. 552; 3 Am. Rep. 105.)

In such cases the court will not pause to inquire whether a trustee has acted fairly or unfairly; being interested in the subject-matter, he may not, as a trustee, deal with himself, and thus be subjected to the temptation to advance his own interests. The order in question is not a negotiable instrument in the broad sense that an innocent holder for a valuable consideration is protected. (*Argenti* v. *San Francisco*, 16 Cal. 256; *People* v. *Gray*, 23 Cal. 126; *Martin* v. *San Francisco*, 23 Cal. 286; *Kellor* v. *Hicks*, 22 Cal. 457; *Dana* v. *City of San Francisco*, 19 Cal. 486; *People* v. *Supervisors El Dorado*, 11 Cal. 170.)

Such an order, like county warrants, "acquires no greater validity in the hands of third parties than they originally possessed in the hands of the first holder, no matter for what consideration they may have been transferred, or in what faith they may have been transferred, or in what faith they may have been taken. If illegal when issued, they are illegal for all time." (*People* v. *Supervisors El Dorado, supra;* see also Civ. Code, sec. 3095, for an enumeration of different classes of negotiable instruments.)

The term "negotiable" is frequently used in a broad sense, to describe any written security which may be transferred by indorsement and delivery, or by delivery only, so as to vest in the indorsee the legal title, and thus to enable him to maintain in his own name an action thereon.

In this broad sense the instrument we are considering is a negotiable instrument, but not in the commercial and more restricted sense which applies the term only to such instruments as carry with them the legal title by indorsement or delivery, as well as when transferred before maturity, the right to recover their full face value, without reference to defenses affecting their validity.

It follows that, not being a negotiable instrument in the sense of the law merchant, the Bank of Napa is in no better position as a holder than Smith or Kennedy, under whom it holds.

There is no misjoinder of parties defendant.

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." (Code Civ. Proc., sec. 379.) This section of the code adopts substantially the former rule in equity, under which not only parties interested in the cause of action, but also in the relief to be obtained, or who would be affected by granting or withholding such relief, were

proper parties. Kennedy, Smith, and the Bank of Napa are directly interested according to the allegations of the complaint, and Shearer is interested in the relief sought in the question whether or not he shall be enjoined from drawing a requisition upon the auditor.

It may be proper to say that so far as appears from the complaint Kennedy has an honest claim against the school district, to the payment of which he and his assignees are entitled; that the only vice in the transaction consisted in its allowance by a party in interest, which raises an implication of fraud, and renders the order void.

Either Kennedy or his assignee, as the case may be, may still (unless prevented by the bar of the statute of limitations) present the claim to the board of trustees, and if properly allowed, it will become a legitimate claim as against the district, and if being a proper and just claim, the board shall for any cause reject it, an action to establish its validity will be in order.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrers to the amended complaint.

McFARLAND, J., and THORNTON, J., concurred.