[Civ. No. 9893.   First Appellate District, Division Two.—March 4, 1936.]

A. G. SPALDING & BROS. (a Corporation), Appellant, v. COUNTY OF CONTRA COSTA, Respondent.

Donahue, Hynes & Hamlin for Appellant.

Francis P. Healey, District Attorney, for Respondent.

NOURSE, P. J.—Plaintiff sued for goods sold and delivered to the county. The defense was payment. The defendant had judgment and plaintiff has appealed on the single ground that the evidence is insufficient to sustain the finding that the account had been paid.

For several years the plaintiff had sold athletic equipment to the school districts of the county, these sales having been made by an agent of plaintiff named Wales. Payments were made by means of warrants drawn by the county superintendent of schools, approved by the county auditor, and cashed by the county treasurer. During the years of 1931 and 1932, Wales made sales to these school districts amounting to over $11,000, and received from the superintendent of schools warrants calling for over $14,000, all of which were paid by the county treasurer. Some of these warrants were paid in cash to Wales; some were paid by check drawn to plaintiff. In all cases the warrants were endorsed by Wales in the name of the plaintiff corporation in the presence of the treasurer. The

proceeds of the checks were received by plaintiff, the proceeds of the cash payments were given by Wales to the superintendent of schools and appropriated by him to his own use. During the year 1931 Wales was employed as a salesman for plaintiff working out of its Oakland branch store; during the year 1932 he was employed as the manager of that store. Throughout his employment he was authorized to receive payment for goods sold by him either in cash or checks, and was authorized to endorse checks for deposit to plaintiff's account.

The question raised by the litigation is one of the powers of a selling agent in making collections for his principal. The appellant seeks to hold the county to the same liability as that of a bank upon payment of a check upon the account of a depositor when the endorsement on the check is unauthorized. There is no similarity between the two agencies. The county warrant is not a negotiable instrument (*Dana* v. *San Francisco*, 19 Cal. 486; *Ser-Vis* v. *Victor Valley Irr. Dist.*, 190 Cal. 732 [214 Pac. 223]); the county treasurer is not a banker, but is merely an agent of the county for the keeping and disbursement of the funds. The superintendent of schools and the county auditor are both agents of the county, but no one of these officials is the agent of another. It is conceded that warrants covering all the items of the account sued for were duly drawn and approved. It then became the duty of the treasurer to pay to the named payee on presentation. It has become a well-recognized custom in such cases to require an endorsement on the warrant at the time of payment, but this is nothing more than a receipt of payment for the account or claim for which the warrant was drawn.

The only question of law involved is, therefore, when an agent is authorized by his principal to accept payment for goods sold, receives payment from the debtor and gives a receipt therefor in the name of his principal, is the debt discharged between the principal and the debtor? All the authorities and sound reason compel an answer in the affirmative. (Restatement of the Law of Agency, sec. 178; *Hart* v. *Northwestern Trust & Savings Bank*, 191 Ill. App. 396, 94 A. L. R., p. 786.)

Further facts here are that the plaintiff had been in the business of selling goods to counties and school districts for a long period of years. It must have known that the stat-

utes required payment of these accounts by warrants drawn on the county treasurer and that payments could not be made without an endorsement on the warrant or a receipt from the legal holder. During the time when these defalcations were made and in the years prior thereto, the plaintiff was receiving payment from the county through its agent Wales. This conduct was sufficient to confer ostensible authority in Wales to endorse the warrants for collection, and proof that the manager of the plaintiff in the San Francisco office did not have actual knowledge of these transactions does not absolve the plaintiff from the constructive knowledge that, before these collections could be made by Wales, some form of endorsement or receipt had to be given by Wales to the county in the name of the corporation.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1936.